33 F.3d 55
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Prince U.B. SUDAN, Plaintiff-Appellant,
v.
Bob HELLER: Joseph P. Hosey; Scottie Walls, Warden; James
Stephens; James R. Zummer; Mr. Turnbull,
Defendants-Appellees.
 No. 93-2310.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1994.
 
 Before: MARTIN and SUHRHEINRICH, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Prince U.B. Sudan appeals a grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Sudan filed his complaint and a supplemental complaint in the district court alleging inter alia that the defendant Michigan prison officials deprived him of a liberty interest in prison yard exercise privileges. Sudan named the defendant Michigan correctional personnel in their individual and official capacities and sought declaratory and injunctive relief and compensatory and punitive damages. Defendants moved the district court to dismiss the complaint or for summary judgment, and plaintiff responded in opposition. The magistrate judge recommended that summary judgment for defendants be granted, and Sudan filed objections. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendants. Sudan delivered a notice of appeal to prison authorities for mailing within the appeal period. On appeal, plaintiff reiterates his contention that he was deprived of a liberty interest created under state law in prison yard exercise privileges.
 
 
 3
 A grant of summary judgment will be reviewed de novo on appeal. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Upon consideration, we conclude that summary judgment for defendants was proper for the reasons stated in the magistrate judge's report and recommendation filed July 8, 1993, and adopted by the district court in its summary judgment for defendants filed August 26, 1993.
 
 
 4
 First, the prison regulation at issue places no substantive limitations on official discretion with "specific substantive predicates" relating to the required break periods that create a liberty interest. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 463 (1989); Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Inmates of Orient Correctional Inst. v. Ohio State Adult Parole Auth., 929 F.2d 233, 237 (6th Cir.1991). Considering plaintiff's claim as one brought under the Eighth Amendment, the circumstances of this case simply do not rise to the level of a constitutional deprivation. See Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir.1983); Mitchell v. Rice, 954 F.2d 187, 191 (4th Cir.) (per curiam), cert. denied, 113 S.Ct. 299 (1992); Davenport v. DeRobertis, 844 F.2d 1310, 1315-16 (7th Cir.), cert. denied, 488 U.S. 908 (1988).
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.